﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 191113-43754
DATE: April 30, 2021

ORDER

Entitlement to service connection for bilateral knee is granted.

Entitlement to service connection for back (previously claimed as lower back disability) is granted.

Entitlement to service connection for skin condition (previously claimed as facial skin rash) is granted.

FINDINGS OF FACT

1. The Veteran’s bilateral knee disabilities have been linked to his active service by a medical professional.  

2. The Veteran’s back disability has been linked to his active service by a medical professional.

3. The Veteran’s skin condition has been linked to his active service by a medical professional.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for bilateral knee have been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2020).

2. The criteria for entitlement to service connection for back disability have been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2020).

3. The criteria for entitlement to service connection for skin condition have been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from October 1996 to July 2004.

The rating decision on appeal was issued in November 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. See 38 C.F.R. § 3.2400(a)(1).

In the November 2019 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the appellant elected the Direct Review option. Under direct review, a Board decision is based on the evidence at the time of the prior decision. The Board cannot hold a hearing or accept additional evidence into the record in its direct review. 38 C.F.R. § 20.301. Accordingly, the Board may consider the evidence of record as of November 12, 2019, the date of the prior decision.

In the November 2019 rating decision, following the filing of supplemental claim forms, the Regional Office (RO) made an implicit finding that new and relevant evidence sufficient to readjudicate the claims, under 38 C.F.R. § 3.156, had been received. Under the AMA, the Board is bound by the favorable finding that new and relevant evidence was received to warrant readjudication of the claims. 38 C.F.R. § 3.104. Accordingly, a discussion as to whether new and relevant evidence sufficient to readjudicate the claim is not required herein. 

The RO also found that that the Veteran has established a qualifying event or injury for his knee, back, and skin claims. See November 2019 Rating Decision. The Board is also bound by this favorable finding. 

Service Connection

Service connection may be granted for any current disability that is the result of a disease contracted or an injury sustained in the line of duty during active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a).  Service connection may be granted for a disease diagnosed after discharge, when the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303 (d).  

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a link between the claimed in-service disease or injury and the present disability.  Romanowsky v. Shinseki, 26 Vet. App. 289, 293 (2013). 

1. Bilateral knee disabilities

The Veteran has the following current bilateral knee disabilities: knee strain, knee tendonitis/tendinosis, knee joint osteoarthritis, knee instability, and shin splints. See July 2019 Private Knee and Leg Conditions Disability Benefits Questionnaire (DBQ). As such, the first element of service connection, a current disability has been met.

The second element of service connection, an in-service event or injury, has also been met. As noted in the introduction, the Board is bound by the RO’s favorable finding, that the Veteran’s service treatment records (STRs) confirm treatment for bilateral knee pain. See November 2019 Rating Decision.

The third element of service connection has also been met, because a nexus between the Veteran’s current disabilities and his active service was established by the private medical examiner in July 2019. Specifically, the private examiner noted that the Veteran had multiple knee injuries during service as noted in his STRs. See July 2019 Private Knee and Leg Conditions DBQ. He further opined that “[h]aving a knee injury, even a minor one makes it more likely that he will have similar injuries in the future.” Id. Based on examination of the Veteran and review of the pertinent records, the private examiner stated that “[i]t is my professional medical opinion that the Veteran’s claimed bilateral knee condition are due to an incurred as a result of military service.” Id. 

The Board finds this opinion is based on a comprehensive review of the medical records of the Veteran including consideration of the Veteran’s statements of symptoms he experienced during active service.  Additionally, this opinion is based on knowledge of the Veteran’s treatment history and is consistent with the evidence of record.  Therefore, the Board accords great probative value to the private medical opinion.  The Board notes there are no other medical opinions of record. 

In granting the claim the Board considered the Veteran’s competent and credible lay statements regarding his in-service injuries and current symptoms. His statements are consistent with the medical evidence of record, and are afforded significant weight.

Based on the above and resolving all reasonable doubt in favor of the Veteran, the Board finds that the weight of the evidence supports a grant of service connection. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102. Accordingly, service connection for bilateral knee disabilities is granted.

2. Back disability

The Veteran has the following current back disabilities: mechanical back pain syndrome, lumbosacral sprain/strain, facet joint arthropathy, and degenerative disc disease. See July 2019 Private Back ( Thoracolumbar ) Conditions DBQ. As such a current disability has been established.

The second element of service connection has been met. The RO’s favorable finding, that the Veteran’s STRs confirm treatment for lower back pain is binding on the Board. See November 2019 Rating Decision. 

The July 2019 private examiner provided a positive nexus opinion for the Veteran’s claimed back disability. He noted that the Veteran’s low back disability “began on active duty from a jump and he was found to have lumbar strain (date 1999).” See July 2019 Private Back ( Thoracolumbar ) Conditions DBQ. He further stated that the Veteran’s back disabilities were “due to overuse because of his military requirements such as working out, prolonged standing, marching, and long runs.” Id. Based on examination of the Veteran and review of the record, the examiner opined that “the Veteran’s claimed [back] conditions are due to and incurred during his military service.

The Board finds that the July 2019 private medical opinion was based on an examination of the Veteran, the opinion considered an accurate history, was definitive and was supported by a detailed rationale that considered the lay and medical evidence. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). As such, the Board affords great probative weight to this opinion. Notably, this opinion is uncontroverted. 

In granting the claim the Board considered the Veteran’s competent and credible lay statements regarding his in-service injuries and current symptoms. His statements are consistent with the medical evidence of record, and are afforded significant weight.

Thus, based on the foregoing, and resolving all reasonable doubt in the Veteran’s favor, the Board finds that the weight of the evidence supports a grant of service connection. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102. Accordingly, service connection for a back condition is granted. 

3. Skin condition 

The Veteran’s currently diagnosed skin conditions include pseudofolliculitis barbae (PFB) and dermatitis. See July 2019 Private Scars/Disfigurement DBQ; July 2019 Skin Diseases DBQ. As such, the first element of service connection has been satisfied.

The second element of service connection has been established by the favorable RO finding that the Veteran was treated for skin irritation during active service. See November 2019 Rating Decision.

A nexus between his current disability and his in-service treatment has also been demonstrated. The July 2019 private examiner noted that the Veteran had multiple and daily episodes of PFB “due to daily shaving required for active duty which resulted in scarring of the facial/neck area.” See July 2019 Private Scars/Disfigurement DBQ. The examiner also noted that the Veteran was seen for episodes of dermatitis during active service. See July 2019 Skin Diseases DBQ. Based on examination of the Veteran and review of the Veteran’s STRs, the examiner opined that “the Veteran’s chronic skin conditions are due to and incurred during his military service.” Id. 

The July 2019 private examiner’s opinion provided clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Notably, there are no other controverting medical opinions. As such, the Board affords this opinion great probative weight. 

In granting the claim the Board considered the Veteran’s competent and credible lay statements regarding his in-service injuries and current symptoms. His statements are consistent with the medical evidence of record, and are afforded significant weight.

Thus, based on the foregoing, and resolving all reasonable doubt in the Veteran’s favor, the Board finds that the weight of the evidence supports a grant of service connection. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102. Accordingly, service connection for skin conditions is granted. 

(Continued on the next page) 

 

YVETTE R. WHITE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. Lilly, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.